The first case this morning will be case number 151720, United States v. James Stile. Thank you. Thank you. Good morning, may it please the court, Alex Steele for Mr. Stile. Before I begin with the argument, I would like to correct an error in footnote 4 of the appellant's brief, reply brief, I'm sorry, which relates to the absence of an affidavit from a witness to the prison altercation that formed one of the bases for the obstruction enhancement. And that footnote states, quote, there's no indication in the record that the judge considered the potential witness's absence or drew any conclusions based upon it, end quote. In fact, the judge did consider the fact that the witness did not submit an affidavit and that he rejected Mr. Stile's position because there was no countervailing evidence in the record, such as the affidavit, and that's at addendum 26. If you keep the record in proper order, I suggest that you confirm that correction by a 28-J letter later this week. I'd be happy to do that, Your Honor. The judge did not, however, draw any nefarious conclusions about the absence of the affidavit, so that portion of the footnote remains correct. And with that, I'd like to turn to Mr. Stile's first argument, which is that the sentencing judge in this case erroneously applied the enhancement for obstruction of justice, which in turn led to the erroneous denial of credit for acceptance of responsibility. The obstruction enhancement was based on two separate findings. First, that Mr. Stile intimidated a witness when he engaged in a physical altercation with a fellow inmate. And second, that Mr. Stile committed perjury at a suppression hearing. I'd like to begin with the latter. The testimony at issue is an exchange between Mr. Stile and the prosecutor, in which the prosecutor asked Mr. Stile a series of questions about his familiarity with Bingham, the town in which the pharmacy robbery was committed. The prosecutor asked, Are you familiar with Bingham, and how many times have you been there? And Mr. Stile answered, Flew Bingham once, en route to Willow Demick Pond to go fishing, and came back there one time and had pizza. He later replied in response to another question from the prosecutor that he had been in Bingham only once. And the judge found that that testimony was a lie. The way the judge interpreted that testimony was that Mr. Stile was saying that he had done all of those things on the same day. That is, that he had gone to Willow Demick Pond, gone fishing, come back, had pizza, and the judge inferred also committed a pharmacy robbery on that day. And the judge just found that incredible, and so he said, Well, Mr. Stile has committed perjury. But I would argue that there is no other reasonable interpretation of that testimony except that Mr. Stile was saying, One time I passed through Bingham on route to Willow Demick Pond. That is, he did not go to Bingham. And on the second occasion, he stopped in Bingham and he had pizza. And that was, of course, the day that he also committed the pharmacy robbery, but he was not bound to admit that fact at the suppression hearing. So the judge clearly erred when he found that that testimony was perjurious. Now, of course, there is the question of whether that makes a difference, because the obstruction enhancement was also based on the fact that Mr. Stile had allegedly intimidated a witness because that witness had acted as a confidential informant to the government. Mr. Stile's position was that the witness had made a sexual advance to him, that it had nothing to do with the fact that he had acted as a confidential informant. But he didn't testify initially at the sentencing hearing, and that appears to have been on the advice of his attorney. But when he realized that the judge was, in fact, planning to rule against him and had- The judge did, in fact, rule against him. Correct. I misspoke. He realized that the judge believed that this act was committed because the man had acted as a confidential informant, had disclosed information to the government. And that was based on the evidence that the judge had. That was based on the evidence of the judge. There was no reason to think there would be any additional evidence. I wouldn't say there was no reason to think that, because- Well, why would he make the ruling? Well, Mr. Stile had-